UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ALLEN JOHNSON,

                              Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                       Defendant.

Case No. 3:15-cv-05055-RSM-KLS

REPORT AND RECOMMENDATION

Noted for August 21, 2015

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On March 21, 2011, plaintiff protectively filed applications for disability insurance and SSI benefits, alleging in both applications he became disabled beginning February 1, 2011. *See* Dkt. 11, Administrative Record ("AR") 20. These applications were denied upon initial

REPORT AND RECOMMENDATION - 1

administrative review on July 6, 2011, and on reconsideration on September 13, 2011. *See id.* A hearing was held before an administrative law judge ("ALJ") on March 21, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 35-57.

In a decision dated April 26, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 17-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on November 21, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. On January 29, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 4. The administrative record was filed with the Court on April 3, 2015. *See* Dkt. 11. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or alternatively for further administrative proceedings, because the ALJ erred: (1) in discounting plaintiff's credibility; (2) in evaluating the medical evidence in the record; (3) in rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional capacity ("RFC"); and (5) in finding him to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in rejecting the lay witness evidence – and thus in assessing plaintiff's RFC and in finding him capable of other work – and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

REPORT AND RECOMMENDATION - 3

I.      The ALJ's Evaluation of the Lay Witness Evidence in the Record

        Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must

take into account," unless the ALJ "expressly determines to disregard such testimony and gives

reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably

germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly

link his determination to those reasons," and substantial evidence supports the ALJ's decision.

*Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v.

Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)

        On April 11, 2011, Karen McKenzie, plaintiff's friend, completed a third-party function

report in which she reported her observations from interactions with plaintiff and assessed

several limitations of his abilities. *See* AR 200-07. In that report, Ms. McKenzie stated that

plaintiff cannot complete projects because he starts arguing with himself, is very depressed, and

hears voices in his head. *See* AR 200. Specifically, she stated that his impairments limit his

hearing, talking, memory, concentration, understanding, and ability to follow instructions. *See*

AR 205. Ms. McKenzie stated that plaintiff can only pay attention for a few minutes, does not

follow written or spoken instructions well, and does not handle stress or changes in routine well.

*See* AR 205-06. On August 13, 2011, Ms. McKenzie completed another third-party function

report. *See* AR 240-47. In that report, she stated that plaintiff had additional restrictions in

completing tasks, getting along with others, seeing, standing, and walking. *See* AR 245. Ms.

McKenzie stated that plaintiff is very bad at handling stress, noting that he is temperamental and

---

scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
rational. If they are . . . they must be upheld.
*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

suicidal. *See* AR 246.

The ALJ gave Ms. McKenzie's statements little weight, stating:

> The information from this source is a description of behavior and a recitation of statements by the claimant. This reporting shows the claimant engaging in chosen activities and unable to perform activities that do not appear to interest him. The inherent contradictions and the absence of objective information render the information here not highly credible and, consequently, give little weight.

AR 26. Plaintiff argues these do not constitute germane reasons for discrediting Ms. McKenzie's statements. The undersigned agrees.

First, the ALJ's characterization of those statements as simply "a description of behavior and a recitation of statements by" plaintiff is not supported by substantial evidence. Many of the questions on the third-party function report form asked Ms. McKenzie to describe her observations of plaintiff's behavior, which she did along with her personal assessment of how plaintiff's impairments affected his ability to perform various work-related functions. *See* AR 205-06, 245-46. There is no indication that these assessments are mere recitations of plaintiff's statements, as opposed to assessments based on Ms. McKenzie's own personal observations and interactions with plaintiff. *See* AR 205-06, 213-14, 237-38, 245-46.

Second, substantial evidence also does not support the ALJ's finding that Ms. McKenzie's statements only show plaintiff "engaging in chosen activities and unable to perform activities that do not appear to interest him." Ms. McKenzie stated that plaintiff cannot sleep through the night, does not eat very much, and must be told to shave or bathe. *See* AR 241-42. She stated that plaintiff does not hang out with friends as he used to. *See* AR 245. She also described how plaintiff is depressed, cannot concentrate, talks of suicide, and spouts psycho babble. *See* AR 240. Once more, there is no indication in Ms. McKenzie's statements that this behavior or the other symptoms and limitations Ms. McKenzie observed, was due to plaintiff's

REPORT AND RECOMMENDATION - 5

own choosing or lack of interest rather than to his underlying mental health impairments.

Third, the ALJ's finding that Ms. McKenzie's statements contain inherent contradictions is unsupported by substantial evidence as well. The ALJ fails to explain what specifically those contradictions are, nor can any legitimately be inferred therefrom. *See* AR 26, 200-07, 240-47. Fourth, and finally, the ALJ's assertion that Ms. McKenzie's statements lack objective information is not a germane reason for discrediting her testimony. Though lay testimony is necessarily subjective in nature, friends and family members who are in a position to observe a claimant's symptoms and daily activities are deemed to be competent to testify as to those symptoms and activities. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Ms. McKenzie's statement does not contain objective information because the very purpose of a third-party function report is to get the lay witness's subjective impression of what the claimant's abilities and limitations are. Thus, although an ALJ may discredit lay testimony if it conflicts with the medical evidence in the record (*see Lewis*, 236 F.3d at 511), that testimony cannot be rejected because it itself does not contain or rely on objective evidence.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his

or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that plaintiff had the RFC to perform:

> **. . . a full range of work at all exertional levels, but with the limitations of no climbing of ladders, ropes, or scaffolds, and no work around hazards. Nonexertional limitations include the ability to remember, understand, and carry out simple tasks or instructions typical on [sic] an occupation with an SVP of 1 or 2; no work with the general public; and work in proximity with coworkers, but no team work.**

AR 24 (emphasis in original). However, because as discussed above the ALJ erred in discrediting Ms. McKenzie's statements, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's capabilities. Accordingly, here too the ALJ erred.

III.    The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a

REPORT AND RECOMMENDATION - 7

vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's RFC. *See* AR 52-56. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 28-29. However, because the ALJ erred in assessing plaintiff's RFC, the hypothetical question cannot be said to completely and accurately describe all of plaintiff's functional capabilities. Therefore, the vocational expert's testimony, and thus the ALJ's step five determination, also cannot be said to be supported by substantial evidence or free of error.

IV. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Accordingly, remand for further consideration is warranted in this matter.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file

REPORT AND RECOMMENDATION - 9

objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,
474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk
is directed set this matter for consideration on **August 21, 2015**, as noted in the caption.

DATED this 5th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10